**J. R. DEVER, Appellant,**

**v.**

**LUBBOCK COUNTY, Texas, et al., Appellees.**

**No. 8259.**

Court of Civil Appeals of Texas, Amarillo.

Nov. 6, 1972.

Rehearing Denied Nov. 27, 1972.

Office of Quinn Brackett, Tom West, Lubbock, for appellant.

Brock, Waters & Galey, Ralph Brock, Lubbock, for appellees.

JOY, Justice.

This suit was brought by the District Clerk of Lubbock County against the County Commissioners Court for back pay claimed due by reason of a raise granted to county officials by the Commissioners Court. From adverse judgment the plaintiff district clerk has here appealed. Affirmed.

The Lubbock County Commissioners Court granted a pay raise for the year 1969 to all county officials but not in the identical percentage for all officials. The Commissioners Court granted itself and the County Treasurer a raise equal to 21.5% of their prior year's pay. However, all other officials were granted raises of a lesser percentage, with the district clerk receiving an 8.2% raise. The appellant brought suit on December 21, 1970 for the difference in pay as a result of the higher percentage of pay raise ordered by the Commissioners Court for itself. Prior to filing suit, the appellant filed no claim nor took any other action in regard to the difference in pay except by personal appearance at the Commissioners Court meeting in 1968 wherein the clerk suggested orally that all officials be granted the same percentage pay raise. The contention of appellant clerk is that Vernon's Ann.Civ.St. art. 3883i requires that *all* county officials must receive the identical percentage raise in salary as the court authorizes for the members of the Commissioners Court. The appellees contend that the statute requires that only *one* other county official must receive at least the same or higher percentage raise. The appellant clerk by a single point of error and the brief filed here urges only the contention above mentioned. As we read the statute in the light of the repealed article 3912g, we are of the opinion that the Legislature intended that it was necessary only that *one or more* other county official or officials would have to be raised the same percentage as the County Commissioners fix their own compensation. Article 3883i, § 7 reads:

"In setting the compensation of the officials governed by Sections 1, 2, 3, 4, 5 and 6 of this Act, the County Commissioners shall not fix their own salaries at any higher rate by percentage than the *highest percentage* raise fixed *for any*

*other official or officials* prescribed for the officials of their respective counties by this Act." [1]

By using the term *highest percentage* the Legislature indicated that one or more of the other officials could be fixed at a lower percentage rate of salary, but limiting the County Commissioners only to the highest percentage as a maximum clearly indicating a permissible difference of percentages of raises. Had the Legislature desired to make it mandatory that *all* other county officials be raised at the same percentage of the Commissioners Court, it could easily have done so by simply so stating.

The judgment of the trial court is affirmed.

---

1. All emphasis ours unless otherwise noted.